IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ATWELL,** | : | CIVIL ACTION NO. 1:10-CV-1271 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SPX COOLING TECHNOLOGIES, INC.,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is a motion for costs, fees, and sanctions pursuant to Federal Rules of Civil Procedure 30(g) and 37(d) (Doc. 24), filed by defendant SPX Cooling Technologies, Inc. ("SPX") on March 8, 2011. For the reasons that follow, the court will grant in part, and deny in part the motion.

**I.   Background**

On June 17, 2010, plaintiff Michael Atwell ("Atwell") instituted the present action against SPX alleging violations of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. (Doc. 1). After SPX filed its answer to the complaint (see Doc. 7), the court issued a case management order setting March 1, 2011, as the factual discovery deadline and scheduling trial for August 2011. (Doc. 16).

SPX's present motion for costs, fees and sanctions arises out of the failure of Atwell and counsel for Atwell to cooperate in factual discovery. On December 29, 2010, SPX served its first request for production of documents on Atwell. (Doc. 25 ¶

28; Doc. 29 ¶ 28). Atwell's responses were due January 28, 2011, but that date came and went with no reply from Atwell. On January 31, 2011, SPX initiated contact with counsel for Atwell to inquire about the responses. Despite an email and letter from an employee of Atwell's counsel stating that the responses were "forthcoming," SPX never received documents or any responses to its discovery request. (Doc. 25 ¶¶ 29-35; Doc. 29 ¶¶ 29-35).

Atwell and his counsel also failed to attend noticed depositions agreed upon by both parties. The facts pertinent to this sanctionable conduct are undisputed. On January 20, 2011, SPX filed a notice of deposition to depose plaintiff Atwell on Thursday, February 17, 2011, a mutually agreed upon date. (Doc. 17; Doc. 25 ¶ 4). Similarly, on February 2, 2011, after receiving agreement from both parties, Atwell's counsel noticed five depositions set to occur on February 15th and 16th. (Doc. 25 ¶ 6; Doc. 29 ¶ 6). In preparation for these depositions, counsel for SPX, located in Kansas City, Missouri, scheduled meetings for February 14, 2011 in York, Pennsylvania with some of the witnesses set to be deposed over the following two days. (Doc. 25 ¶ 7).

On February 13, 2011, counsel for SPX traveled from Kansas City, Missouri to York, Pennsylvania in order to attend the meetings and depositions scheduled for that week. However, on the morning of February 14, 2011, SPX received an email from Atwell's counsel cancelling all depositions scheduled for the week because "Mr. Atwell is no longer available." (See Doc. 25, Ex. 3). Subsequent to the receipt of this email, counsel for SPX made numerous attempts through both email

and telephone to contact counsel for Atwell. (Doc. 25 ¶¶ 11-15, 17-24). Indeed, between approximately 10 a.m. and 3 p.m. that day, SPX initiated seven telephone calls to attorneys for Atwell, virtually all of which went unanswered and unreturned. (See Doc. 25 ¶¶ 11, 13, 14, 15, 17, 18, 19; Doc. 29 ¶¶ 11, 13, 14, 15, 17, 18, 19). At 11:50 a.m., counsel for Atwell filed a motion for permission to withdraw as counsel citing irreconcilable differences. (Doc. 20).[1] Finally, that afternoon, Adam Lease, Esquire, one of Atwell's attorneys telephoned counsel for SPX. (Doc. 25 ¶ 22; Doc. 29 ¶ 22). During the call, SPX discussed its intention to move for relief under Federal Rules of Civil Procedure 30(g) and 37(d), and followed up the telephone call with email confirmation of the parties' conversation. (Doc. 25 ¶¶ 22-24; Doc. 29 ¶¶ 22-24).

On February 17, 2011, counsel for SPX requested through email correspondence that Atwell's counsel provide alternative dates for Atwell's deposition prior to the close of factual discovery on March 1, 2011. (Doc. 25 ¶ 25; Doc. 29 ¶ 25). Counsel for Atwell never responded. (Doc. 25 ¶ 26; Doc. 29 ¶ 26). Subsequently, on March 8, 2011, SPX filed the instant motion for costs, fees and sanctions against Atwell and his counsel. (Doc. 24). Counsel for Atwell responded on March 25, 2011, admitting virtually all of SPX's allegations, but asserting that the motion should be denied given counsel for Atwell's motion for permission to

---

[1] The court denied this motion on February 24, 2011 without prejudice. (Doc. 23). On April 15, 2011, counsel for Atwell filed a renewed motion for permission to withdraw as counsel. (Doc. 35). The court will address that motion in a separate order.

3

withdraw as counsel. (See Doc. 29). SPX filed a reply on April 11, 2011. (Doc. 33). The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

Rules 26 through 37 of the Federal Rules of Civil Procedure govern the process of factual discovery for federal civil litigation. These discovery rules set forth the consequences for a party's failure to cooperate in the discovery process. See e.g., FED. R. CIV. P. 30(g), 37. Pursuant to Rule 30 governing depositions,

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
>
> (1) attend and proceed with the deposition; or
> (2) serve a subpoena on a nonparty deponent, who consequently did not attend.

FED. R. CIV. P. 30(g). Additionally, when a party fails to attend its own deposition or cooperate in other discovery, the court may impose various sanctions, including:

> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party;
> . . .

Fed. R. Civ. P. 37(b)(2)(A); see also id. 37(d)(3). Alternatively, or in addition to one of the above sanctions, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's

4

fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." FED. R. CIV. P. 37(b)(2)©, 37(d)(3). A party is "substantially justified" in its failure to cooperate in discovery when there is a "genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (alterations in original) (citations and quotations omitted); see also Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 140 n.23 (3d Cir. 2009). The court should consider all the circumstances when determining appropriate sanctions, including whether a party's failure to cooperate in discovery was inadvertent or in bad faith. See Roger Dubuis N. Am., Inc. v. Thomas, No. 3:05-CV-2566, 2006 WL 3199141, at *2 (M.D. Pa. Nov. 3, 2006) (citing Barrett v. Brian Bemis Auto World, 230 F.R.D. 535, 537 (N.D. Ill. Sept. 13, 2005).

## III.  Discussion

Insufficient notice of the cancellation of depositions by the noticing party, particularly when the other party has already traveled to the deposition location, warrants an award of costs and attorney's fees. See Zoltek Corp. v. United States, No. 96-166, 2006 WL 5670861, at *2 (Fed. Cl. July 25, 2006) (citing cases). In the present matter, counsel for Atwell noticed five depositions and agreed to present Atwell for deposition in a coordinated series of depositions to be conducted over the course of three days. Counsel for Atwell unilaterally cancelled all of the depositions just one day before they were scheduled to begin. By the time she received notice of the cancellation, counsel for SPX had already traveled from Kansas City,

Missouri to York, Pennsylvania in order to produce the witnesses and attend the depositions.  The only explanation for the last minute cancellation given by counsel for Atwell was a vague assertion that Atwell "is no longer available."  Subsequently, counsel for Atwell filed a motion to withdraw as counsel, and essentially refused to have any communication with counsel for SPX about the matter.

In opposition to the motion for costs, fees and sanctions counsel for Atwell argue that they cannot provide additional explanation for their discovery failures because they are "bound to keep confidential the facts that would constitute an explanation." (Doc. 29, at 5).  They assert that their motion to withdraw as counsel provides sufficient explanation for both granting the motion to withdraw as counsel and denying SPX's motion for costs, fees and sanctions.  Moreover, counsel for Atwell contend that they acted appropriately in not responding to SPX's telephone calls and emails after cancelling all depositions because "the office had already made the decision to file a motion to withdraw as counsel" and once filed, the motion was pending before the court.  (Doc. 29 ¶¶ 11, 17).

These assertions lack merit and fail satisfy the required "substantial justification" necessary to avoid costs and sanctions.  The court notes that Atwell's failure to respond (as promised) to the request for production by SPX occurred at least two weeks before counsel for Atwell moved to withdraw, and counsel for Atwell had provided email and letter assurances that responses were forthcoming.  Additionally, as counsel for SPX accurately note, the reasoning cited by Atwell's counsel to avoid costs and sanctions, namely the Pennsylvania Rules of Professional

6

Conduct, applies to motions to withdraw as counsel, which the present motion before the court is not. (Doc. 33 ¶ 6). Furthermore, until counsel for Atwell receives permission from the court to withdraw, counsel for Atwell still represents Atwell, and the Rules of Professional Conduct require counsel to "continue representation notwithstanding good cause for terminating the representation." PENNSYLVANIA RULES OF PROF'L CONDUCT 1.16(c). The rules thus belie any argument that the behavior of Atwell's counsel was "appropriate." The court therefore concludes that SPX is entitled to costs and fees pursuant to Rules 30(g) and 37(d)(3). Both Atwell and his counsel will be held equally accountable for SPX's costs and fees, the amount which the court shall determine after receipt of an affidavit of costs and fees from SPX.

In addition to costs and fees, SPX also requests sanctions against Atwell and his counsel pursuant to Rule 37(d)(3). In particular, SPX recommends dismissal of the complaint as the most appropriate remedy to cure the purported substantial prejudice to it. (See Doc. 25, at 14). SPX asserts that Atwell and his counsel have completely thwarted its ability to conduct discovery significantly hindering its ability to file comprehensive dispositive motions, uncover additional support for its defenses, and to prepare a defense to Atwell's allegations. (Id. at 15).

Although recognizing the clear prejudice to SPX from Atwell's failure to engage in discovery, the dismissal of a complaint is an extreme sanction to be applied only in egregious cases. See Poulis v. State Farm Fire and Cas. Co., 747

F.2d 863, 867-68 (1984).[2]  This is not yet such a case.  The court notes that SPX filed a motion for summary judgment (Doc. 27) on March 16, 2011.  In addition, there is an issue between Atwell and his counsel with respect to representation which the court must now address.  The dismissal of Atwell's complaint stemming, ostensibly, from an impaired relationship between Atwell and his current counsel is unwarranted at this time.  For the same reason, until the counsel issue is resolved, the imposition of any sanction against Atwell is inappropriate.  The court will therefore deny the request for sanctions without prejudice to the right of SPX to renew its request for sanctions should Atwell's conduct persist.

---

[2]  Pursuant to Poulis, the district court must balance six factors in determining whether the dismissal of a complaint is the appropriate sanction:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis, 747 F.2d at 868.

**IV.**    **Conclusion**

For the foregoing reasons, the court will grant in part, and deny in part the motion for fees, costs and sanctions (Doc. 24) filed by SPX. The court will grant the motion for fees and costs, however, the court will decline to impose sanctions on Atwell at this time.

An appropriate order follows.

                                                              S/ Christopher C. Conner  
                                                              CHRISTOPHER C. CONNER  
                                                              United States District Judge

Dated:       June 6, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ATWELL,** | : | CIVIL ACTION NO. 1:10-CV-1271 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SPX COOLING TECHNOLOGIES, INC.,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 6th day of June, 2011, upon consideration of the motion for costs, fees, and sanctions (Doc. 24), filed by defendant SPX Cooling Technologies, Inc. ("SPX") on March 8, 2011, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion for fees, costs and sanctions (Doc. 24) is GRANTED in part, and DENIED in part, as follows:

1. The motion is GRANTED with respect to fees and costs.

    a. Plaintiff Michael Atwell and counsel for plaintiff shall be equally liable for the costs and fees.

    b. On or before June 17, 2011, SPX shall file an affidavit of costs and fees incurred.

    c. On or before July 1, 2011, plaintiff may file objections to the calculation of costs and fees submitted by SPX.

    d. A detailed award of costs and fees shall issue by future order of the court.

2.	The motion is DENIED in all other respects.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge