IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ATWELL,** | : | CIVIL ACTION NO. 1:10-CV-1271 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SPX COOLING TECHNOLOGIES, INC.,** | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

This memorandum supplements the court's June 6, 2011 Memorandum and Order (Doc. 39) which granted in part and denied in part the motion for costs, fees and sanctions (Doc. 24) filed by SPX Cooling Technologies, Inc. ("SPX"). The court has received the affidavits of SPX (Docs. 41, 44) detailing the costs and fees incurred as a result of plaintiff Michael Atwell's ("Atwell") discovery violations, as well as the objections thereto filed by counsel for Atwell. (Docs. 42, 45).

I.   **Background**

On June 17, 2010, plaintiff Michael Atwell ("Atwell") instituted the present action against SPX alleging violations of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. (Doc. 1). During the discovery phase of the litigation, Atwell and his counsel failed to attend six noticed depositions agreed to by both parties, cancelling those depositions the day before they were scheduled to begin, and after outside counsel for SPX, Juliet Cox, Esquire ("Attorney Cox") of Kutak Rock LLP, had traveled from Kansas City,

Missouri to York, Pennsylvania to attend them. In house counsel for SPX, Janel Fuhrman, Esquire, was en route to Pennsylvania to attend the depositions, but returned to Kansas City upon learning from Attorney Cox that the depositions were cancelled. (Doc. 41-2, Ex. B ¶ 4). SPX filed a motion for costs, fees and sanctions on March 8, 2011 stemming from Atwell's failure to engage in discovery and attend the six noticed depositions. (Doc. 24). The court granted SPX's motion to the extent SPX requested costs and fees, but denied the request for sanctions. (Doc. 39).

SPX claims a total of $21,324.69 in costs and fees. (Doc. 41-2 ¶ 7). The requested costs and fees are broken down into three categories: (1) $10,476 for attorney's fees for deposition preparation and traveling to York, Pennsylvania; (2) $9,219 for attorney's fees related to the motion for costs, fees and sanctions; and (3) $1,629.69 in costs. Counsel for Atwell filed objections to the attorney's fees and costs, asserting that many of the hours for which recovery is sought are excessive. (Docs. 42, 45). The matter is now ripe for disposition.

**II.    Discussion**

SPX, as the party seeking fees, bears the burden of showing the fee request is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The method the court uses for determining the reasonableness of a requested fee is the lodestar formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). "[R]easonable fees are to be calculated according to the prevailing market rates in the relevant community."

Blum v. Stenson, 465 U.S. 886, 895 (1984); Maldonado, 256 F.3d at 184.  The court "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Dellarciprete, 892 F.2d at 1183; Maldonado, 256 F.3d at 184.  The prevailing party is also entitled to seek fees for paralegal services under the same standard.  Missouri v. Jenkins, 491 U.S. 274, 285 (1989).

### A. Attorney Experience and Hourly Rate

Attorney Cox is a partner at Kutak Rock LLP in the Kansas City, Missouri office.  (Doc. 44-1 ¶ 2).  She is a trial attorney with 17 years of experience, focusing primarily on civil litigation, including the defense of employment related claims such as the one in the instant litigation.  (Id. ¶ 5b).  The other attorneys providing legal services in this case are Larry D. Fields, Esquire, a partner with 20 years experience as a trial attorney, and Eric S. Johnson, Esquire, a partner with 10 years experience, also as a trial attorney.  (Id. ¶ 5c, 5d).  Debbie Mahan, a paralegal with 23 years experience as a litigation paralegal, provided paralegal services.  (Id. ¶ 5e).

SPX seek attorney's fees in the amount of $320 per hour for work performed by Attorney Cox, $230 per hour for work performed by Attorneys Fields and Johnson, and $140 per hour for paralegal services.  (See Doc. 41-1 ¶ 7 n.2).  A reasonable hourly rate for attorney services "is calculated according to the prevailing market rates in the relevant community." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001).

3

A recent survey of fee awards in this district reveals a lower range of hourly rates for attorneys with comparable experience. Very recently, the Honorable Sylvia Rambo of this court determined that an attorney in the field of employment litigation, with fifteen years of combined experience in human resources and litigation, a masters degree in trial advocacy, and a substantial number of jury verdicts and appellate decisions in her repertoire, was entitled to a reasonable hourly rate of $225.00. Carey v. City of Wilkes-Barre, No. 05-CV-2093, 2011 WL 1900169, at *2 (M.D. Pa. May 19, 2011). In another recent case, the court awarded an hourly rate of $300 to an attorney with over twenty years experience, noting this is the highest prevailing rate in this particular legal market. Overly v. Global Credit Collection Corp., No. 1:10-VC-2392, 2011 WL 2651807 (M.D. Pa., July 06, 2011).

After considering the skill, experience and reputation of counsel in these cases, as well as the affidavits presented by SPX, and assessing the skill and experience of defendant's counsel, the court concludes that a rate of $275.00 per hour is reasonable for Attorney Cox, $230 per hour is reasonable for Attorney Fields and $200 per hour for Attorney Johnson.

With respect to paralegal services, SPX charged $140 per hour for the services of its paralegal Debbie Mahan. The court finds that amount excessive for the Middle District of Pennsylvania. Courts in this district find paralegal fees ranging between $70 and $120 per hours to be typical. See Overly v. Global Credit & Collection Corp., Inc., Civil No. 1:10-CV-2392, 2011 WL 2651807, at *6 (M.D. Pa.

July 6, 2011) (citing cases). The court concludes that an hourly rate of $120 per hour is appropriate in the instant matter given the substantial experience of Ms. Mahan.

### B. Reasonableness of Costs and Fees

The court must next examine whether all the hours spent were reasonable. Attorneys billing for their time are required to record their hours with "sufficient specificity to allow the district court to determine if the hours claimed are reasonable for the work performed." Washington v. Philadelphia Court of Common Pleas, 89 F. 3d 1031 (3d Cir. Pa. 1996). Counsel should take care to note definite hours and general activities devoted to advancing the client's interest. (Id.) Yet the attorney need not document precise detail and exact minutes spent for each entry. (Id.) When the opposing party makes a specific objection, the court must exclude those entries which are redundant, excessive, or unnecessary. Interfaith Cmty. Org. v. Honeywell Int'l. Inc., 426 F. 3d 694 (3d. Cir. 2005).

#### 1. Deposition Fees

Attorney Cox, claims $10,476 in attorney's fees for preparing for the six depositions scheduled for February 15-17, 2011 and traveling to York, Pennsylvania. (Doc. 41-1 ¶ 7). The fees can be grouped into five categories:

> (1) 5.5 hours for deposition preparation by Attorney Cox;
> (2) 10.4 hours to prepare exhibits for the depositions by the paralegal;
> (3) 15.2 hours for travel by Attorney Cox from Kansas City, Missouri to York, Pennsylvania and back;
> (4) 4.9 hours for calls and emails by Attorney Cox relating to the cancellation of depositions; and
> (5) 3.6 hours for research by Attorney Fields on the rules relating to failure to appear at depositions.

(Id.; see also 44-1, Ex. C).  Atwell objects to the asserted fees for paralegal services, for calls and emails, and for research on the rules relating to failure to appear at depositions.  (Doc. 42, at 2).

### a. *Deposition Exhibits*

Counsel for Atwell contends that 10.4 hours to prepare deposition exhibits is highly questionable given the simply nature of the employment discrimination case, and notes that Atwell was employed with defendant for just over eight months. (Doc. 42, at 2; Doc. 45, at 1).  Atwell suggests two hours is reasonable.  (Doc. 42, at 2; Doc. 45, at 1).  In opposition, SPX explains that it was necessary to create separate files for each witness with documents relevant to each witness and organize those documents in a functional manner for use at the depositions.  (Doc. 44, at 2).  The court finds 10.4 hours to prepare deposition exhibits to be excessive.  It is certainly reasonable to create a separate file for each witness, however expending over ten hours for the task is unreasonable.  One hour per deposition, for a total of six hours is reasonable given the nature of the case.

### b. *Telephone Calls and Emails on February 14, 2011*

Atwell also objects to the 4.9 hours billed by Attorney Cox for calls and emails on February 14, 2011.  Atwell asserts that: (1) the claim is vague, (2) the calls and emails are not broken down by time, and (3) the entry is inadequate to determine whether the expended time was reasonable.  (Doc. 42, at 2; Doc. 45, at 1).  SPX counters that the calls and emails, which are detailed in their motion for costs, fees

and sanctions, were a direct result of counsel cancelling the depositions, and therefore 4.9 hours is not excessive. (Doc. 44, at 2).

> The billing entry for Attorney Cox states the following:
>
> Telephone conference with E. McGee, counsel for Domino, regarding deposition of M. Atwell; telephone conference with L. Haynes; telephone conference with J. Fuhrman; telephone call to plaintiff's counsel's office; e-mail to T. Kolman; e-mail to L. Crossley; conference with L. Fields and S. Temps to determine strategy; telephone conference with M Greco Danaher; telephone call to Judge Connor's [sic] chambers; multiple telephone calls to opposing counsel's office; telephone conference with A. Lease; telephone conference with J. Fuhrman; e-mail to A. Lease regarding agreement not to appear in person for depositions in order to mitigate expenses

(Doc. 44-1, Ex. C). In Attorney Cox's affidavit attached to the motion for costs, fees and sanctions, she details the timing of some of these activities. (See Doc. 25, Ex. 2 ¶¶ 5-19). For example, Attorney Cox telephoned counsel for Atwell at 10:17 a.m. and left a voicemail; she also sent an email time-stamped with the same time. (Doc. 25, Ex. 2 ¶¶ 7-8; id. Ex. 4). Attorney Cox placed an additional three calls to the office of counsel for Atwell starting at 11:16 a.m. and concluding at 11:27 a.m. (Id. Ex. 2 ¶¶ 9-11). Another three calls to Atwell's counsel's office were placed between 2:06 p.m. and 2:08 p.m. (Id. Ex. 2 ¶¶ 12-14). Attorney Cox details a telephone call from plaintiff's counsel at 2:16 p.m. but does not note its termination time. (Id. Ex. 2 ¶ 17). Finally, the affidavit describes an email to plaintiff's counsel time-stamped 2:53 p.m. and a return email time-stamped at 3:00 p.m. (Id. Ex. 2 ¶¶ 18-19; id. Ex. 5; id. Ex. 6).

The court is cognizant that the cancellation of six depositions and the unwillingness of counsel for Atwell to return telephone calls and emails caused significant disruption of counsel's plans and necessitated numerous telephone calls and emails. The court notes, particularly given the description of at least seven telephone calls to counsel for Atwell delineated in Attorney Cox's affidavit, that 2.5 hours is reasonable and appropriate. However, Attorney Cox's claim in excess of 2.5 hours is rejected.

### c.  *Researching Deposition Rules*

Finally, Atwell takes issue with the 3.6 hours claimed to research rules on failure to appear at depositions. Counsel for Atwell asserts that the applicable federal rules are straightforward and "not that complex" and, therefore, 3.6 hours of research time excessive. (Doc. 42, at 2; Doc. 45, at 2). SPX claims the time is reasonable, given that two rules of the Federal Rules of Civil Procedure were implicated by Atwell's discovery violations. (Doc. 44, at 3). The court agrees with Atwell. The implicated discovery rules are not complex. Moreover, counsel performing the research, Attorney Fields (see Doc. 44-1, Ex. C), has 20 years of trial experience focusing in civil litigation, and has "extensive experience . . . handling discovery disputes." (Doc. 44-1 ¶ 5c). The court would expect that an attorney with that level of experience, would either have a working familiarity with the relevant rules of civil procedure, or could perform research on two discovery rules in a more expedient manner. See Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983) (stating that a seasoned attorney in a particular area of law should be sufficiently

familiar with that law that he would not have to spend "an inordinate amount of time researching that same law"). The court finds that two hours is reasonable under the circumstances.

### d. *Remaining Fees*

Counsel for Atwell has not challenged the reasonableness of the time spent by Attorney Cox on deposition preparation, or her travel time. Accordingly, the court will award fees for the total number of hours claimed on those activities.

### 2. **Motion for Costs, Fees and Sanctions**

Attorney Cox claims that counsel for SPX incurred $9,219 in fees associated with the motion for costs, fees and sanctions. (Doc. 41-1 ¶ 8; see also Doc. 44, Ex. C). SPX seeks to recover for: (1) 28.4 hours in attorney's fees to research, draft and revise the motion for costs, fees and sanctions, (2) 4.3 hours to revise the affidavit and prepare exhibits to the motion, and (3) 6 hours to draft and revise a reply to Atwell's opposition to the motion. (Id.) Atwell objects to the 28.4 hours to research, draft and revise the motion, and the 6 hours to draft and revise a reply brief, claiming the number of hours are excessive. (Doc. 42, at 2-3; Doc. 45, at 2-3).

### a. *28.4 Hours Drafting and Revising Sanctions Motion*

Attorney Johnson billed 25 hours for researching, drafting and revising the motion for costs, fees and sanction, and Attorney Cox billed 3.4 hours for revisions. (Doc. 44-1, Ex. C). Counsel for Atwell objects to the 28.4 hours claimed. Atwell asserts that the time is excessive given the uncomplicated nature of the motion, (Doc. 42, at 3), and suggests that SPX may have had access to drafts from prior

9

cases handled by the firm. (Doc. 45, at 2). Atwell suggests that 5 to 6 hours is reasonable and appropriate. (Doc. 42, at 3; Doc. 45, at 2). SPX counters that the time billed is not excessive in light of the fact that the motion is 19 pages in length and required numerous exhibits and an affidavit with a significant amount of factual detail. (Doc. 44, at 3).

The court finds 28.4 hours to research, draft and revise the motion to be excessive. Attorney Johnson is a partner with 10 years of experience as a trial attorney focused in civil litigation, and "has extensive experience researching law and drafting motions." (Doc. 44-1 ¶ 5d). As an attorney focusing in civil litigation it is expected that he have working knowledge of the Federal Rules of Civil Procedure. Moreover, Kutak Rock LLP undoubtedly has access to a database of past cases, and this is not the first time that an attorney for the firm has researched Rule 30 or Rule 37 of the Federal Rules of Civil Procedure. (Doc. 44-1 ¶ 5a) (noting that Kutak Rock LLP is a national firm with 16 offices and more than 400 attorneys). Given Attorney Johnson's experience in civil litigation and researching, the court finds 10 hours to be reasonable. The court will leave undisturbed the 3.4 hours expended by Attorney Cox revising the motion.

### b.     *6 Hours to Draft and Revise Reply Brief*

Atwell also objects to the 6 hours claimed to draft and revise a reply brief to Atwell's opposition to the motion for costs, fees and sanctions. (Doc. 42, at 3; Doc. 45, at 2-3). Atwell notes that his brief in opposition to the motion for costs fees and

sanctions was short—slightly over five pages in length (see Doc. 29)—and therefore, 6 hours to draft and revise a reply brief is excessive. (Doc. 42, at 3; Doc. 45, at 2-3). Atwell believes one hour is appropriate and reasonable. (Doc. 42, at 3; Doc. 45, at 3). SPX responds that Atwell's opposition brief failed to oppose the motion, and instead reasserted that counsel should be permitted to withdraw. (Doc. 44, at 4). According to SPX, "[t]his argument required additional strategy, analysis, and development of an argument that [SPX] did not anticipate being presented on a response to a motion for sanctions." (Doc. 44, at 4).

The court finds that six hours of time to draft the reply is slightly excessive. The court notes that SPX's reply brief was a mere four pages (without the signature page), did not cite a single case, and provided minimal analysis of one Pennsylvania Rule of Professional Conduct. (See Doc. 33). Additionally, the reply was drafted by Attorney Johnson, the ten year trial attorney veteran with extensive experience drafting motions. Given the experience and expertise of the attorneys drafting and revising the motion, the court finds five hours to be reasonable and appropriate for the reply brief—four hours from Attorney Johnson to draft the reply, and one hour from Attorney Cox to revise the reply.

### c.   *Remaining 4.3 Hours for Affidavits and Exhibits*

Atwell does not appear to object to the remaining 4.3 hours expended by counsel for SPX to revise affidavits and prepare the exhibits filed with the motion for costs, fees and sanctions. Accordingly, the court will award fees on all 4.3 hours expended.

       **3.**    **Costs**

Finally, Attorney Cox claims $924.32 in costs associated with her travel, including airfare, hotel, meals, car rental, parking and mileage. (Doc. 41, Ex. A ¶ 5). Attorney Fuhrman claims $705.37 in costs for her travel. (Doc. 41, Ex. B ¶ 6). Counsel for Atwell does not object to these asserted travel costs, and the court will award SPX the total of $1,629.69 in travel costs.

## III.  Recapitulation

| | | | | |
|---|---|---|---|---|
| **Attorney Cox** | Hours Billed | 31.2 | | |
| | Deduction | -3.2 | | |
| | Total | 28.0 | x | $ 275 per hour = $ 7,700 |
| **Attorney Fields** | Hours Billed | 3.6 | | |
| | Deduction | - 1.6 | | |
| | Total | 2.0 | x | $ 230 per hour = $   460 |
| **Attorney Johnson** | Hours Billed | 30.7 | | |
| | Deduction | -15.2 | | |
| | Total | 15.5 | x | $ 200 per hour = $ 3,100 |
| **Paralegal** | Hours Billed | 12.8 | | |
| | Deduction | -4.4 | | |
| | Total | 8.4 | x | $ 120 per hour = $ 1,008 |

**Total Fees Awarded**  $ 12,268

**Total Costs**  $ 1,629.69

**IV.**     **Conclusion**

For the reasons set forth in the accompanying memorandum, the court will award $ 13,897.69 in costs and attorney's fees to SPX. Both Atwell and his counsel are equally accountable for the awarded costs and fees.

An appropriate order follows.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        October 11, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL ATWELL,** | : CIVIL ACTION NO. 1:10-CV-1271 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **SPX COOLING TECHNOLOGIES, INC.,** | : |
| **Defendant** | : |

## **ORDER**

AND NOW, this 11th day of October, 2011, upon consideration of the court's June 6, 2011 order (Doc. 39) granting costs and fees to defendant SPX Cooling Technologies, Inc. ("Atwell") for the discovery violations of plaintiff, and after a review of the affidavits of counsel for SPX (Doc. 41, Ex. A, B; Doc. 44, Ex. C) detailing the costs and fees incurred, and the objections thereto filed by counsel for plaintiff (Docs. 42, 45), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that Atwell and his counsel are equally liable to SPX for costs in the amount of $1,629.69 and fees in the amount of $12,268.

          S/ Christopher C. Conner  
          CHRISTOPHER C. CONNER  
          United States District Judge