## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ATWELL,** | : | **CIVIL ACTION NO. 1:10-CV-1271** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **SPX COOLING TECHNOLOGIES, INC.,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

Presently before the court is the motion to dismiss (Doc. 49) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, filed by defendant SPX Cooling Technologies, Inc. ("SPX"). For the reasons that follow, the court will grant the motion.

### I.     Background

On June 17, 2010, plaintiff Michael Atwell ("Atwell") instituted the present action against SPX alleging violations of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. (Doc. 1). During the discovery phase of the litigation, Atwell and his counsel failed to attend six noticed depositions agreed to by both parties, cancelling those depositions the day before they were scheduled to begin, and after outside counsel for SPX had traveled from Kansas City, Missouri to York, Pennsylvania to attend them. As a result of the discovery violations, on March 8, 2011, SPX filed a motion for costs, fees and sanctions. (Doc. 24). Approximately one week later, on March 16, 2011,

SPX filed a motion for summary judgment.  (Doc. 26).  The court granted the motion for costs, fees and sanctions in part by memorandum and order dated June 6, 2011.  (Doc. 39).  The court issued a supplemental memorandum and order on October 11, 2011, directing the payment of a sum certain to SPX.  (Doc. 46).

That same day, the court granted counsel for Atwell's motion to withdraw as counsel.[1]  (Doc. 47).  The court granted Atwell sixty (60) days to secure new counsel and/or respond to SPX's motion for summary judgment.  (Id.)  In the order the court warned that Atwell's failure to comply with the order "will be deemed an abandonment of this action."  After the sixty-day period elapsed, and having received no response, or other communication from Atwell whatsoever, SPX filed the instant motion to dismiss (Doc. 49) pursuant to Federal Rule of Civil Procedure 41(b).  On January 10, 2012, still having received no response from Atwell, the court directed Atwell to file a brief in opposition to SPX's motion to dismiss within fourteen days.  (Doc. 53).  The time for a response has expired, and the court has received no reply from Atwell.  The motion to dismiss (Doc. 49) is now ripe for consideration.

---

[1] Counsel for Atwell initially filed a motion to withdraw as counsel on February 14, 2011 (Doc. 20), which the court denied without prejudice on February 24, 2011.  (Doc. 23).  Counsel renewed their motion to withdraw on April 15, 2011. (Doc. 35).  The court deferred ruling on the motion pending resolution of SPX's motion for costs, fees and sanctions.

## II.      Discussion

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss any claim against it as a result of the plaintiff's failure to prosecute or failure to comply with court orders. FED. R. CIV. P. 41(b) (stating that a defendant may move to dismiss an action against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); see also Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). In determining whether dismissal under Rule 41(b) is appropriate, the Third Circuit directs district courts to consider the following factors: (1) the extent of the plaintiff's personal responsibility; (2) the prejudice to the defendant caused by plaintiff's failure to meet scheduling orders and respond to discovery; (3) whether there is a history of dilatoriness; (4) whether the conduct of the plaintiff was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the plaintiff's claim or defense. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Gillespie v. Beard, Civil No. 3:-09-CV-1453, 2011 WL 4463727, at *2 (M.D. Pa. Sept. 26, 2011). Every factor need not be satisfied to justify dismissal. Gillespie, 2011 WL 4463727, at *2.

With respect to the Poulis factors, the court finds as follows: Atwell, who has been proceeding in the matter as a *pro se* party since October 11, 2011, is personally responsible for the failure to respond to the court's orders. The court finds that SPX is prejudiced in its ability to defend against this action by Atwell's failure to engage in discovery or otherwise respond to court orders. SPX has been thwarted in its efforts to conduct discovery and thus to prepare an adequate defense. The

court further finds that Atwell's dilatoriness is substantial, and his failure to respond to both the motion for summary judgment and the motion to dismiss after court orders directing responses amounts to bad faith.  Although his complaint on its face raises claims that appear meritorious, and the assertion of meritorious claims weighs against dismissal of the action, see Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 877 (3d Cir. 1994), the other Poulis factors weigh in favor of dismissal.  Given Atwell's lack of engagement in this litigation stemming back to at least October of last year, and likely longer, given his former counsel's representations (see Docs. 20, 35, 51), it appears that Atwell has abandoned the action.  The court therefore concludes that sanctions other than dismissal would be ineffective.  The court will grant SPX's motion to dismiss.

## IV.    Conclusion

For the above-stated reasons, the court will grant SPX's motion (Doc. 49) to dismiss with prejudice.  An appropriate order follows.


                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge


Dated:        January 26, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ATWELL,** | : | **CIVIL ACTION NO. 1:10-CV-1271** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SPX COOLING TECHNOLOGIES, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 26th day of January, 2012, upon consideration of the motion

(Doc. 49) to dismiss pursuant to Federal Rule of Civil Procedure 41(b), filed by

defendant SPX Cooling Technologies, Inc., and for the reasons stated in the

accompanying memorandum, it is hereby ORDERED that:

1.    The motion (Doc. 49) to dismiss is GRANTED.

2.    All claims filed by plaintiff against defendant are DISMISSED with prejudice.

3.    Defendant's motion for summary judgment (Doc. 26) is DENIED as MOOT.

4.    The Clerk of Court is directed to CLOSE the case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge